UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RICHARD-KIMBALL TEECE and REBECCA TEECE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF UTAH; UTAH STATE TAX COMMISSIONER(S) (UNKNOWN); GREGORY KNIGHT; NORMAN BERNARDO; CHRIS DAVIES; HOLLY COCCO; LINDA JONES; JAMES BAUER; CHRISTOPHER MANBERG; SUSAN, acting as TeamSusan; JOSEPH C. SCHEELER; and WILLIAM MELTON,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO GRANT STATE DEFENDANTS' MOTION TO DISMISS (DOC. NO. 56) AND TO DISMISS ACTION WITHOUT PREJUDICE**<br><br><br>Case No. 2:22-cv-00041<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Pro se Plaintiffs Richard-Kimball Teece and Rebecca Teece brought this action against the State of Utah, Utah State Tax Commissioners, and various named individuals. (Compl. 1, Doc. No. 1.) Defendants State of Utah, Utah State Tax Commissioners, Gregory Knight, Norman Bernardo, Chris Davies, Holly Cocco, Linda Jones, and James Bauer (collectively, the "State Defendants") move to dismiss the Teeces' claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The State Defendants specifically argue (1) the court lacks subject-matter jurisdiction, (2) the complaint fails to state a plausible claim for relief, and (3) certain individual defendants are entitled to judicial or prosecutorial immunity. (State Defs.' Am. Mot. to Dismiss ("Mot."), Doc. No. 56.)

Upon review of the complaint, the State Defendants' motion, and other documents filed by the Teeces, it is evident this court lacks subject-matter jurisdiction over this action. In

1

addition, the complaint fails to state a claim upon which relief can be granted. For these reasons, the undersigned recommends the district judge grant the motion to dismiss, (Doc. No. 56), and dismiss this action without prejudice.

BACKGROUND

The Teeces filed their complaint on January 19, 2022. (Compl. 1, Doc. No. 1.) The complaint asserts a claim of "[t]respass upon my Private Property" against the defendants, referencing the case number of a criminal tax evasion case against Ms. Teece in Utah state court. (*Id.*; *see also* Ex. 1 to Mot., Docket in Case No. 201904017, Doc. No. 56-1.)

The State Defendants moved to dismiss the claims against them on March 9, 2022. (Mot., Doc. No. 56.) On March 28, 2022, the Teeces filed a document entitled "Notice Immunity Claim," which contains responses to the State Defendants' immunity arguments and new allegations regarding the criminal case against Ms. Teece. (Doc. No. 57.) None of the other documents filed by the Teeces appear to be a response to the State Defendants' motion.[1]

Defendants Joseph Scheeler and William Melton filed answers on March 7, 2022. (Doc. Nos. 52 & 53.) Defendants Christopher Manberg and "Susan" have not appeared in this action.

LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits dismissal of a case for lack of subject-matter jurisdiction. When a motion under this rule presents a facial attack based on the allegations in the complaint, the court applies the same standards applicable to a Rule

---

[1] The Teeces have filed dozens of documents, which are largely inscrutable. The Teeces' filings bear the hallmarks of "sovereign citizen" arguments, which can be identified by "numerous quotations from judicial opinions . . . as well as law dictionaries weaving a rambling and circuitous dissertation, rich in sweeping abstractions phrased in oft-capitalized and abstruse legalistic prose." *Utah Dep't of Workforce Servs. v. Geddes*, No. 2:13-cv-24, 2013 U.S. Dist. LEXIS 49177, at *5 (D. Utah Apr. 4, 2013) (unpublished) (alteration in original) (internal quotation marks omitted).

12(b)(6) motion and accepts the allegations in the complaint as true. *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001). The State Defendants' motion presents a facial attack because it argues the Teeces' allegations are insufficient to support jurisdiction.

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief may be granted. To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In assessing plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013). However, the court need not accept the plaintiff's conclusory allegations as true. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, "a plaintiff must offer specific factual allegations to support each claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Also relevant is Rule 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and further provides that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). In other words, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration in original) (internal quotation marks omitted). Fair notice means the

complaint "explain[s] what each defendant did to [the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff] and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Because the Teeces proceed pro se, it is appropriate to "review [their] pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006). However, "pro se litigants must adhere to the same procedural rules as other litigants." *Burke v. New Mexico*, 696 F. App'x 325, 329 (10th Cir. 2017) (unpublished). For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. While some allowances should be made for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[,]" *id.*, the court should "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

## ANALYSIS

The State Defendants contend this case should be dismissed for three reasons. First, they argue the district court lacks subject-matter jurisdiction under Rule 12(b)(1). (Mot. 4–7, Doc. No. 56.) Second, they argue the case should be dismissed under Rule 12(b)(6) because the complaint fails to state a plausible claim for relief and fails to provide fair notice of the claims against them. (*Id.* at 7–8.) Third, they argue certain State Defendants are entitled to judicial or prosecutorial immunity. (*Id.* at 8–10.)

I.  *Subject-Matter Jurisdiction*

Subject-matter jurisdiction is a "constitutional prerequisite to hearing a case." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015). Original subject-matter jurisdiction may be based on either diversity jurisdiction (28 U.S.C. § 1332) or federal-question jurisdiction (28 U.S.C. § 1331). The party pleading jurisdiction must allege the facts essential to show jurisdiction; mere conclusory allegations are not enough. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994).

The Teeces claim federal jurisdiction based on diversity of citizenship. (*See* Civil Cover Sheet, Doc. No. 1-1.) As explained below, the Teeces' allegations are insufficient to demonstrate either diversity jurisdiction or federal-question jurisdiction.

a.  *Diversity Jurisdiction*

Federal district courts have diversity jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the litigants are (1) "citizens of different states"; (2) "citizens of a State and citizens or subjects of a foreign state"; (3) "citizens of different States and in which citizens or subjects of a foreign state are additional parties"; or (4) "a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

Here, the Teeces have named the State of Utah as a defendant. But a state is not a "citizen" for purposes of diversity jurisdiction. *Moor v. Cnty. of Alameda*, 411 U.S. 693, 717 (1973). Thus, "it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states." *Colorado v. Ziankovich*, No. 19-cv-03087-RM, 2019 U.S. Dist. LEXIS 217929, at *8 (D. Colo. Dec. 19, 2019) (unpublished) (quoting *Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894)). Because the State

of Utah is not a "citizen" under section 1332, the court lacks diversity jurisdiction over this action.

Even if the State of Utah were dismissed as a defendant, the Teeces have also failed to demonstrate diversity of citizenship between the other parties. Diversity jurisdiction requires complete diversity between the opposing sides, meaning "no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). The citizenship of a person is determined by where they are domiciled, and "a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). The Teeces' complaint does not allege the citizenship or domicile of any party but provides Utah addresses for all parties.[2] (*See* Compl., Doc. No. 1.) These allegations are insufficient to establish complete diversity of citizenship between the parties.

For these reasons, the court lacks diversity jurisdiction over this action under 28 U.S.C. § 1332.

      *b. Federal-Question Jurisdiction*

The court also lacks federal-question jurisdiction under 28 U.S.C. § 1331. To demonstrate federal-question jurisdiction, "the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks omitted). To

---

[2] In other filings, the Teeces claim they are not United States citizens but, rather, "foreign sovereigns." (Doc. Nos. 19 & 21.) This claim is frivolous and insufficient to support diversity jurisdiction. *See, e.g.*, *Bey v. Geiser*, No. EDCV 19-844 JGB (KKx), 2019 U.S. Dist. LEXIS 240665, at *3 (C.D. Cal. May 21, 2019) (unpublished) ("Courts across the country have uniformly rejected such 'sovereign citizen' theories as frivolous, irrational, or unintelligible.").

do so, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises[] and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986).

The Teeces' complaint asserts only one cause of action: trespass on private property. (Compl. 1, Doc. No. 1.) But trespass is a state claim, not a federal claim. *See Simmler v. Simmons*, No. 2:18-cv-981, 2020 U.S. Dist. LEXIS 182121, at *2 (D. Utah. Sep. 30, 2020) (unpublished). And the complaint contains no other allegations suggesting this claim raises a substantial question of federal law. Therefore, the Teeces have failed to demonstrate this court has federal-question jurisdiction.

For these reasons, this action must be dismissed for lack of subject-matter jurisdiction. Although only the State Defendants have moved for dismissal, the claims against all defendants must be dismissed on this basis. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (The court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (internal quotation marks omitted)).

II.    *Failure to State a Claim*

The Teeces' complaint is also subject to dismissal under Rule 12(b)(6) because it fails to state a claim on which relief can be granted.

In their complaint, the Teeces allege the defendants "trespass[ed] upon [their] private property," citing the case number of a criminal tax evasion case against Ms. Teece in Utah state court. (Compl. 1, Doc. No. 1; *see also* Ex. 1 to Mot., Docket in Case No. 201904017, Doc. No. 56-1.) They allege the trespass occurred "by way of extortion, theft, torture, deprivation,

kidnapping, and harm," without further factual development. (*Id.* at 3.) They assert the harm began on January 1, 2013, and continued through the date of the complaint, and they seek monetary damages. (*Id.*)

These allegations are insufficient to state a plausible claim for relief. The complaint provides no information about how the alleged trespass occurred or who was involved. It does not allege specific acts or omissions by any of the named defendants, and it does not explain what each defendant has done to harm the Teeces. Accordingly, the complaint fails to give fair notice to the defendants of the nature of the claims against them.

The Teeces provide some additional information in later filings. (*See, e.g.*, "Statement of True," Doc. No. 30; "Notice Immunity Claim," Doc. No. 57.) For example, the document entitled "Notice Immunity Claim," filed on March 28, 2022, contains a lengthy discussion of the criminal case against Ms. Teece. (Doc. No. 57.) Although the complaint references the case number of the criminal case, it contains no other allegations related to this case; thus, the allegations in the Teeces' later filings are entirely new. Moreover, it is unclear how these new allegations relate to the claim of "trespass" asserted in the complaint. "While it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint, a court may not consider allegations or theories that are inconsistent with those pleaded in the complaint." *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001) (citation omitted). Because the allegations in the Teeces' later filings are new and appear unrelated to the trespass

claim asserted in the complaint, it would be inappropriate to consider them in determining whether the complaint states a plausible claim for relief.[3]

For these reasons, the complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

### III. Immunity

Certain State Defendants also assert they have judicial or prosecutorial immunity from the Teeces' claims.[4] (Mot. 8–10, Doc. No. 56.) The State Defendants infer they are being sued for official conduct related to the criminal proceedings against Ms. Teece. (*See id.*) However, as noted above, the complaint contains no allegations regarding the criminal case other than a citation to the case number. It does not indicate the State Defendants are being sued for their official conduct, and the allegations are insufficient to determine the basis for the Teeces' claims. Accordingly, it is impossible to determine whether immunity applies. In any event, it is unnecessary to address the State Defendants' immunity arguments where the action is subject to dismissal on other grounds.

---

[3] Even if the court were to consider the allegations in these later filings, the Teeces appear to seek the court's intervention in ongoing state criminal proceedings. (*See, e.g.*, "Notice of Immunity Claim" 10, Doc. No. 57 (requesting that "the state court be ordered to surrender jurisdiction").) But this court must refrain from exercising jurisdiction over such claims under the *Younger* abstention doctrine. *See Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (*Younger* abstention dictates that "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." (internal quotation marks omitted)).

[4] Linda Jones, Chris Davies, and James Bauer assert judicial immunity; Holly Cocco asserts prosecutorial immunity. (Mot. 8–10, Doc. No. 56.)

RECOMMENDATION

Because the Teeces' complaint fails to state a plausible claim for relief and the court lacks subject-matter jurisdiction over this case, the undersigned RECOMMENDS the district judge GRANT the motion to dismiss, (Doc. No. 56), and DISMISS this action without prejudice.

The court will send copies of this Report and Recommendation to all parties who have appeared, who are notified of their right to object to it. The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 14th day of June, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge