IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD-KIMBALL TEECE and REBECCA TEECE, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF UTAH, et al., <br><br> Defendants. | ORDER ADOPTING IN PART REPORT AND RECOMMENDATION <br><br> Case No. 2:22-cv-00041-JNP-DAO <br><br> District Judge Jill N. Parrish |

Magistrate Judge Daphne A. Oberg issued a Report and Recommendation that the court grant the defendants' motion to dismiss for three independent reasons. ECF No. 67. First, Judge Oberg reasoned that the court lacks subject matter jurisdiction because plaintiffs Richard-Kimball Teece and Rebecca Teece (jointly, the plaintiffs) failed to meet their burden of showing that the court has diversity jurisdiction or federal question jurisdiction to hear this action. Second, Judge Oberg concluded that the plaintiffs failed to state a claim upon which relief could be granted. Third, she found that some of the defendants were immune to the plaintiffs' claims.

The plaintiffs filed an objection to the Report and Recommendation. Although the objection is 41 pages long and addresses a wide range of subjects, the court was unable to discern any meaningful opposition to Judge Oberg's conclusion that this court lacks subject matter jurisdiction. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court . . . ."). Because the plaintiffs

did not articulate any comprehensible objection to this portion of the Report and Recommendation, any such argument has been waived. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The court will decline to apply the waiver rule only if "the interests of justice so dictate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). In determining whether the interests of justice require an exception to the waiver rule, the Tenth Circuit has "considered factors such as 'a *pro se* litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised.'" *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008). The interests of justice may also require an exception to the waiver rule if the Report and Recommendation is plainly erroneous. *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1120 (10th Cir. 2005).

The court has reviewed the Report and Recommendation in this case and has not identified any plain error contained therein. Nor has the court discerned any other reason to deviate from the waiver rule. Accordingly, the court adopts the portion of the Report and Recommendation finding that this court lacks subject matter jurisdiction to adjudicate the plaintiffs' action[1] and dismisses this action without prejudice

DATED February 2, 2023.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Because the court lacks subject matter jurisdiction, it may not address the portions of the Report and Recommendation finding that the plaintiffs failed to state a claim and that some of the defendants are immune to suit.